# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:00CR44-02-MU

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| ENRICO TORRES FOXX | ) | |
| Defendant. | ) | |

**THE MATTER** before the Court is whether the Defendant, Enrico Torres Foxx, is entitled to a sentence reduction by virtue of Amendment 706 (dealing with crack cocaine) of the Sentencing Guidelines. The applicable statute authorizes such reduction if the original sentence was "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The original guideline range for Mr. Foxx, with a Total Offense Level of 35 and a Criminal History of Category I, was 168 to 210 months, subject to a mandatory minimum sentence of 240 months. Under the amended guidelines, Mr. Foxx's guideline range would become 135 to 168 months. Prior to sentencing, this Court granted the government's motion for downward departure under 18 U.S.C. 3553(e), departing to a guideline range of 63 to 78 months based on a Total Offense Level of 26 and imposing a 66 month sentence. Under the amended guidelines, Mr. Foxx's Total Offense Level would drop from a 26 to a 24. This reduced level would yield a guideline range of 51 to 63 months.

The government argues that Mr. Foxx's sentence was determined by a deviation from the mandatory minimum, not by the sentencing guidelines. However, the government's motion for

downward departure permitted this Court to impose a sentence below the mandatory minimum. Therefore, the mandatory minimum no longer constituted the bottom of the guideline range and in determining the appropriate sentence reduction below the mandatory minimum, this Court took into account, among other factors, the actual guideline range which would have been applicable but for the mandatory minimum. Mr. Foxx's actual sentence of 66 months, at least to some extent, was influenced by and "based [in part] on a sentencing range that has been subsequently lowered" within the meaning of 18 U.S.C. § 3582(c)(2).

Based on the amended guideline range, this Court impose an amended sentence that is in proportion to the current sentence. The Court hereby sentences Mr. Foxx to **time served plus ten days.** Accordingly, Defendant's motion to reduce sentence is GRANTED.

IT IS SO ORDERED.

Signed: July 31, 2008

Graham C. Mullen
United States District Judge